Case No. 4:17-cv-01222

_____

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

_____

*In re Technicool Systems, Inc., Debtor*

_____

On appeal from the United States Bankruptcy court for
the Southern District of Texas, Houston Division

Bankruptcy Case No. 15-34435-H1-7
Civil Action No. 4:17-cv-01222

_____

**FIRST AMENDED BRIEF OF ROBERT FURLOUGH, APPELLANT**

_____

**[Page and 1/2 added reflecting statement of relief sought, with supporting
law and facts. See p. 1]**

Submitted By:
Annie E. Catmull
State Bar No. 00794932
SDID: 19615
Stephanie C. Kan
State Bar No. 24101988
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713-977-8686
Facsimile: 713-977-5395
catmull@hooverslovacek.com
**ATTORNEYS FOR APPELLANT
ROBERT FURLOUGH**

# TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................. i

TABLE OF AUTHORITIES ......................................................................... iii

SUMMARY OF RELIEF REQUESTED BY APPELLANT, AND THE
SUPPORTING LAW AND FACTS...............................................................1

STATEMENT OF JURISDICTION.............................................................3

STATEMENT OF ISSUES .........................................................................5

STATEMENT OF THE CASE.....................................................................7

ARGUMENT SUMMARY .......................................................................12

ARGUMENT ............................................................................................14

ISSUE #1: (Restated)...........................................................................14

ISSUE #2: (Restated)...........................................................................27

The bankruptcy court's order authorizing the trustee's employment of SBPC
impermissibly violated § 327(a)'s requirements that the trustee's attorneys "not
hold or represent an interest adverse to the estate" and that the trustee's attorneys
"are disinterested persons."..................................................................27

A.     SBPC's representation of NOV encompasses the assertion of an economic
interest that would tend to lessen the value of the bankruptcy estate, and could
create an actual or potential dispute against the estate, and therefore constitutes
an "adverse interest." ...........................................................................27

B.     SBPC's representation of NOV constitutes an interest materially adverse
to the interest of the estate, and therefore disqualifies SBPC as a "disinterested
person." .................................................................................................30

C.     SBPC fails under both of § 327(a)'s requirements that a professional not
represent an interest adverse to the estate, and that a professional be
disinterested. Therefore, it was clearly erroneous for the bankruptcy court to
authorize the trustee's employment of SBPC under § 327(a). ...........31

ISSUE #3: (Restated).............................................................................32

In allowing NOV to proceed with its state court lawsuit against Robert Furlough,
the bankruptcy court erroneously concluded that the state court cause of action was
not owned by the bankruptcy estate, and impermissibly found that the lawsuit was
not a violation of the bankruptcy's automatic stay or a conflict under § 327(a)..32

A.     NOV's state court claims against Robert Furlough are property of the
bankruptcy estate. ...............................................................................32

B.     NOV's state court lawsuit seeks to redress the same injuries as NOV's
proof of claim against the bankruptcy estate.....................................35

C.     NOV's lawsuit against Robert Furlough violates the automatic stay, which further disqualifies SBPC under § 327(a). .........................................................36

CONCLUSION .......................................................................................................38

CERTIFICATE OF COMPLIANCE WITH RULE 8015(a)(7)(b) ........................39

# TABLE OF AUTHORITIES

**Cases**

*AroChem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999)................................................12

*Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 619 (2d Cir. Conn. May 18, 1999) .................................................................................2

*Committee of Dalkon Shield Claimants v. A.H. Robins Co.*, 828 F.2d 239, 241 (4th Cir. 1987) ...........................................................................................2

*F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103-05 (3d Cir. 1988) .........................2

Fed. R. Bankr. P. 8004(d) ..........................................................................................2

*Grossman v. Belridge Group*, 531 Fed. Appx. 428, 437 (5th Cir. 2013).................4

*Hern Family L.P. v. Compass Bank*, 863 F. Supp. 2d 613, 622 (S.D. Tex. 2012)..34

*Houston Chronicle Publ. Co. v. City of League City*, 488 F.3d 613, 617 (5th Cir. 2007) ..................................................................................................4

*I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.)*, 432 F.3d 347, 355 (5th Cir. La. Dec. 1, 2005) .............................................................. 11, 29

*In re Am. Int'l Refinery*, 676 F.3d at 461–62.................................................. 26, 28

*In re American Printers & Lithographers, Inc.*, 148 B.R. 862, 866 (Bankr. N.D. Ill. Dec. 22, 1992).........................................................................................12

*In re B H & P, Inc.*, 949 F.2d 1300, 1306-07 (3d Cir. 1991) ...................................2

In re Bressman, 327 F.3d 229 (3d Cir. 2003) ...........................................................13

*In re Caspri Corp.*, No. 07-30485-LMC, 2010 Bankr. LEXIS 631, *19–20 (Bankr. W.D. Tex. 2010) ......................................................................................32

*In re Congoleum Eng'ng*, 426 F3d 675 (3rd Cir. 2005) ...........................................22

*In re Consolidated Bancshares, Inc.*, 785 F.2d 1249, 1256 (5th Cir. 1986) ............4

*In re Contractor Tech., Ltd.*, Nos. H-05-3212, 05-37623-H1-7, 2006 U.S. Dist. LEXIS 34466 (S.D. Tex. 2006) ........................................... 4, 12, 23, 24

*In re Cyrus II P'ship & Bahar Dev.*, Inc., 2008 Bankr. LEXIS 2317 (Bankr. S.D. Tex. July 31, 2008) ......................................................................................13

*In re Delta Services Industries*, 782 F.2d 1267 (5th Cir. La. Feb. 18, 1986)............2

*In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 96 (Bankr. S.D.N.Y. 2007) .22

*In re Git-N-Go, Inc.*, 321 B.R. 54, 59 (Bankr. N.D. Okla. 2004)...........................13

*In re Gray*, 64 B.R. 505, 508 (Bankr. E.D. Mich. 1986)........................................29

*In re HML Enters., LLC,* 2016 Bankr. LEXIS 3693 (Bankr. E.D. Tex. Oct. 12, 2016) ........................................................................................................13

*In re Howell*, 148 B.R. 269, 270 (Bankr. S.D. Tex. 1992) ......................................25

*In re Kestner*, 2015 Bankr. LEXIS 1378 (Bankr. D. Md. Apr. 20, 2015)...............13

*In re Kuykendahl Place Assoc., Ltd.,* 112 Bankr. 847, 850 (Bankr. S.D. Tex. 1989) ........................................................................................................12

*In re Lewis Road, LLC*, No. 09-37672, 2011 Bankr. LEXIS 4827, 2011 WL 6140747 ...................................................................................................................17

*In re LTHM Houston – Operations, LLC*, No. 14-33899, 2014 Bankr. LEXIS 4495 (S.D. Tex. 2014)........................................................................... 25, 26, 28

*In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 477 (3d Cir. 1998)........................17

*In re MF Global Inc.*, 464 B.R. 594, 605 n.9 (Bankr. S.D.N.Y. 2011).................17

*In re Micro-Time Management Sys.*, 102 B.R. 602 (Bankr. E.D. Mich. 1989).......26

*In re Perry*, 194 B.R. 875, 880 (E.D. Cal. Feb. 7, 1996)........................................16

*In re Red Lion*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994)................................28

*In re Seven Seas Petrol., Inc.*, 522 F.3d 575, 583 (5th Cir. 2008)...........................4

*In re Steele,* 26 Bankr. 233, 235 (Bankr. W.D. Ky. 1982) ......................................11

*In re Troy Dodson Constr. Co., Inc.,* 993 F.2d 1211, 1216 (5th Cir. 1993)............11

In re Vouzianas, 259 F.3d 103 (2d Cir. 2001) .........................................................13

*In re W. Delta Oil Co.*, supra, 432 F.3d at 355 .......................................................16

*In re Webb*, 954 F.2d 1102, 1103 (5th Cir. 1992) .....................................................3

*Interwest Bus. Equip., Inc. v. U.S. Trustee* (In re Interwest Bus. Equip., Inc.), 23 F.3d 311, 316 (10th Cir. 1994)........................................................................13

*Nassau Sav. & Loan Ass'n v. Miller*, 24 C.B.C.2d 206, 116 B.R. 423 (Bankr. E.D. Pa. 1990) .............................................................................................19

*Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002) ...........................4

*Rome v. Braunstein, 19 F.3d 54, 58* (1st Cir. 1994*)* ................................................12

*Schertz-Cibolo-Universal City v. Wright (In re Educators Group Health Trust)*, 25 F.3d 1281, 1283 (5th Cir. 1994) .................................................... 30, 31

*Schmidt v. Rodriguez (In re Rodriguez)*, 2013 Bankr. LEXIS 5048 (Bankr. S.D. Tex. June 5, 2013)..............................................................................18

*See In re Martin*, 817 F.2d 175, 181 (1st Cir. 1987) ..............................................12

*Sturgeon State Bank v. Perkey (In re Perkey*), 194 B.R. 846, 850 (Bankr. W.D. Mo. Apr. 15, 1996) ..................................................................... 16, 26, 27

*Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery Inc.)*, 676 F.3d 455, 461 (5th Cir. 2012).............................................................................................3

*Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery, Inc.)*, 676 F.3d 455 (5th Cir. 2012) ...................................................................................................25

**Statutes**

11 U.S.C §. 328(a) ....................................................................................................2

11 U.S.C. § 101(14) ................................................................................................28

11 U.S.C. § 327(a) ....................................................................................... passim

11 U.S.C. § 541(a)(1)...............................................................................................30

11 U.S.C. § 726(a) ..................................................................................................19

11 U.S.C. §327 ....................................................................................................6, 23

11 U.S.C. §704(a)(5)...............................................................................................18

28 U.S.C. § 158(a)(1) ................................................................................1
28 U.S.C. § 158(a)(3) ................................................................................1
28 U.S.C. §1652 .......................................................................................19
28 U.S.C. 1334(a) .....................................................................................1

**Other Authorities**

3-327 Collier on Bankruptcy P 327.01 ...................................................14
3-327 Collier on Bankruptcy P 327.04 ...................................................23

**Rules**

Fed. R. Bankr. P. 8002(a)(1) ......................................................................1
Fed. R. Bankr. P. 9019 .............................................................................21
Federal Rules of Evidence 201(d) ............................................... 5, 7, 8, 18
S.D. Tex. L.R. 16.4 ..................................................................................19
Tex. R. Prof. Cond. 1.05 ..........................................................................21
Texas Rule of Professional Conduct 1.06 .......................................... passim
Texas Rules of Professional Conduct Rule 3.08 ....................................18

## SUMMARY OF RELIEF REQUESTED BY APPELLANT, AND THE SUPPORTING LAW AND FACTS

The bankruptcy trustee hired the Stacy Baker law firm to sue Robert Furlough, the appellant herein and owner of the bankrupt debtor.  Robert Furlough asks this Court to reverse the bankruptcy court's order approving the trustee's employment of the Stacy Baker law firm.

The engagement violates the Texas Rules of Professional Conduct and the Bankruptcy Code's prohibition against an estate professional's representation of "an interest adverse to the estate." Tex. R. Prof. Cond. 6.01 (conflicts of interest) and 11 USC § 327(a).

The disqualifying conflict is the law firm's representation of the single creditor, National Oilwell Varco ("**NOV**"), who holds 93% of claims against the bankruptcy estate, *a creditor who is separately suing Robert Furlough in state court*. See ¶ 11(a) and footnote 21 herein. The law firm is hopelessly disqualified under 327(a). See ¶¶ 24-32 herein.

The recent complaint against Robert Furlough-- filed by the Stacy Baker law firm on behalf of the trustee—demonstrates how Robert Furlough is harmed.  It is filled with patently meritless requests for relief. See pp. 7-8 and footnotes 10-11 herein.  The complaint shows that the Stacy Baker law firm is misusing its role as trustee's counsel to serve its creditor client --while subjecting only the trustee, not the law firm's creditor client to the risk of filing such an unsupportable complaint.

In bankruptcy, non-creditor parties in interest have standing to point out ethics-based disqualifications of a trustee's proposed law firm. See *In re Congoleum Eng'g* at ¶ 20 herein. And the bankruptcy court has an independent duty to assure itself that a professional qualifies. See ¶ 4 herein.

## STATEMENT OF JURISDICTION

The basis of the bankruptcy court's subject matter jurisdiction 28 U.S.C. 1334(a), and the standing order of reference to the bankruptcy court.  See S.D. of Tex. General Order 2012-6.

Pursuant to 28 U.S.C. § 158(a)(1), the district court has appellate jurisdiction over final judgments, orders and decrees of the bankruptcy court. With leave of court, the district court also has jurisdiction over interlocutory orders and decrees. 28 U.S.C. § 158(a)(3).

The order that is the subject of this appeal was entered by the bankruptcy court on April 4, 2017.  See docket no. 96 in bankruptcy case no. 15-34435 (C.R. at 71-72). Furlough filed this appeal on April 18, 2017.  *Id*. at docket no. 98 (C.R. at 73-76). Fed. R. Bankr. P. 8002(a)(1) ("… notice of appeal must be filed … within 14 days after entry of judgment, order or decreed being appealed.")

As the bankruptcy court expressly found, the appeal is from a final judgment.[1] *Bank Brussels Lambert v. Coan (In re AroChem Corp.*), 176 F.3d 610, 619 (2d Cir. Conn. May 18, 1999) (order denying disqualification motion under 11 U.S.C. 327(a)

---

[1]  "The Order that we have now signed with respect to the retention of Mr. Stacy is a final order and it is subject to immediate appeal so that I don't want you having to wait till the end of the case to appeal. I think it is final because he's hired on a contingent fee basis and under 328 of the Bankruptcy Code absent un[-]anticipatable circumstances he is entitled to his fees and I don't think we have to wait for those -- the conclusion of the case before you can object. I don't think that's very fair. So I think it is final under the circumstances." Tr. 4/14/2017, p. 25, lines 22-25 thru p. 26, lines 1-6 (C.R. at 102-103)

is final order subject to appeal); *In re B H & P, Inc.*, 949 F.2d 1300, 1306-07 (3d Cir. 1991); *F/S Airlease II, Inc. v. Simon*, 844 F.2d 99, 103-05 (3d Cir. 1988); *Committee of Dalkon Shield Claimants v. A.H. Robins Co*., 828 F.2d 239, 241 (4th Cir. 1987).; *In re Delta Services Industries*, 782 F.2d 1267 (5th Cir. La. Feb. 18, 1986) ("bankruptcy court orders that conclusively determine substantive rights of parties [are] final and appealable"[2] — deeming orders approving *interim* trustee and his counsel interlocutory and thus non-appealable to the Fifth Circuit, in part, because "bankruptcy court indicated the tentativeness of its ruling").  Should the Court determine that the appealed order is interlocutory, then it is within this Court's discretion to treat the notice of appeal as though it were a motion for leave to appeal. Fed. R. Bankr. P. 8004(d).

---

[2]       Unlike in *Delta*, here the bankruptcy court found that the order is final and appealable. Unlike in *Delta*, SBPC has been hired on a contingency basis.  Unlike in *Delta*, in the case at bar, the bankruptcy court indicated that section 328(a) (the attorney compensation provision of the Bankruptcy Code) limits his ability to revisit the order that is the subject of this appeal. See immediately preceding footnote; see also 11 U.S.C §. 328(a) ("developments not capable of being anticipated at the time of the fixing of such terms").  Thus, under the finality test laid out in *Delta*, the order challenged herein "conclusively determines the substantive rights of parties"; those substantive rights being the bankruptcy court's approval of SBPC's contingency fee interest in the bankruptcy estate's recovery from Furlough, SBPC's violation of Texas Rule of Professional Conduct 1.06 (un-waived conflicts) by contemporaneous representation in separate suits against Furlough, the trustee and the single creditor who is owed 93% of the estate's alleged debt, and Furlough's resulting prejudiced ability to settle with the trustee.

## STATEMENT OF ISSUES

**ISSUE #1:**   Did the bankruptcy court impermissibly err when it held that Robert Furlough lacked standing to object to the trustee's employment of SBPC?

**ISSUE #2:**   Does the bankruptcy court's order authorizing the trustee's employment of SBPC impermissibly violate § 327(a)'s requirements that the trustee's attorneys "not hold or represent an interest adverse to the estate" and that the trustee's attorneys "are disinterested persons"?

**ISSUE #3:**   In allowing NOV to proceed with its state court claim against Robert Furlough, did the bankruptcy court impermissibly find that the state court cause of action was not owned by the bankruptcy estate, and therefore not a violation of the bankruptcy's automatic stay or a conflict under § 327(a)?

## STANDARDS OF REVIEW

When reviewing a bankruptcy court's decision, a district court functions as an appellate court and applies the standard of review generally applied in federal court appeals. *In re Webb*, 954 F.2d 1102, 1103 (5th Cir. 1992). "The factual findings of the bankruptcy court are reviewed for clear error and its conclusions of law are reviewed de novo." *Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery Inc.)*, 676 F.3d 455, 461 (5th Cir. 2012).

Issues of standing are a question of law and reviewed by an appellate court *de novo*. *See Houston Chronicle Publ. Co. v. City of League City*, 488 F.3d 613, 617 (5th Cir. 2007); *Rivera v. Wyeth-Ayerst Labs.*, 283 F.3d 315, 319 (5th Cir. 2002).

The determination of a potential issue of conflict of interest under 11 U.S.C. § 327(a) is a question of fact. *See In re Consolidated Bancshares, Inc.*, 785 F.2d

1249, 1256 (5th Cir. 1986); *In re Contractor Tech., Ltd.*, Nos. H-05-3212, 05-37623-H1-7, 2006 U.S. Dist. LEXIS 34466 (S.D. Tex. 2006). A finding of fact is clearly erroneous when, even in the presence of evidence to support it, the reviewing court is left with a firm and definite conviction that the bankruptcy court made an error. *In re Contractor Tech, Ltd.*, 2006 U.S. Dist. LEXIS 34466 at *12. The court reviewing a bankruptcy court's findings on conflict of interest issues may affirm if there are grounds in the record to support the judgment, even if those grounds were not relied upon by the court below. *Id*.

Whether a specific cause of action belongs to a bankruptcy estate is a matter of law that the appellate court decides by reference to the facial allegations in the complaint. *Grossman v. Belridge Group*, 531 Fed. Appx. 428, 437 (5th Cir. 2013); *In re Seven Seas Petrol., Inc.*, 522 F.3d 575, 583 (5th Cir. 2008).

## STATEMENT OF THE CASE

Robert Furlough owns Technicool[3].  Prior to filing bankruptcy, Technicool manufactured and sold commercial HVAC units to National Oilwell Varco (hereinafter "**NOV**")[4]. Prior to the bankruptcy, NOV initiated suit in the 125th Judicial District Court of Harris County, Texas alleging that Technicool was in breach of warranty, and for negligent misrepresentation regarding commercial HVAC units sold to NOV.  The law firm representing NOV in the suit is Stacy Baker P.C. (hereinafter "**SBPC**").

Only after Technicool filed a chapter 7 liquidation bankruptcy, NOV, through SBPC, amended its state court pleadings to add Robert Furlough as a defendant, and to accuse him of defrauding NOV.[5]  That suit remains pending.[6]

In the bankruptcy case, SBPC, on behalf of NOV, executed a $3 million proof of claim and filed it with the bankruptcy court.  To show the basis of NOV's alleged

---

[3] Furlough requests that the Court take judicial notice, pursuant to Federal Rules of Evidence 201(d), of ¶ 15 of the Trustee's Adversary Complaint and Request for Injunctive Relief (docket #1) Trustee asserting Robert Furlough owns Technicool, filed in adversary case number 17-03265 (C.R. at 107).

[4] See Furlough April 4, 2017 Exh. 2 (NOV's proof of claim, at ¶9 of the Plaintiff's First Amended Petition and Request for Disclosure attached thereto) (C.R. at 30).

[5] Furlough requests that the Court take judicial notice, pursuant to FRE 201(d), of ¶ 1 of National Oilwell Varco, L.P.'s Motion for Relief from the Automatic Stay (docket #9) filed in main case number 15-34435.

[6] 4/4/17 Tr. p. 19, line 25, p. 20, lines 1-2 (C.R. at 96-97).

right to payment, SBPC attached NOV's state court pleadings, including its amended pleading that names Robert Furlough as a defendant.[7]

Of all the creditor proofs of claim on file, NOV's $3 million proof of claim represents 93% percent of the total claims filed by creditors.  There are, in other words, only $242,391.18 in other creditor claims filed.

On January 31, 2017, the chapter 7 trustee filed in the bankruptcy case an application to employ SBPC as trustee's counsel engaged to sue Robert Furlough in bankruptcy court. See docket no. 72. Section 327 of the Bankruptcy Code authorizes a trustee's employment of counsel. 11 U.S.C. §327.  The trustee's application did not specify under which provision of §327—part (a) (general bankruptcy counsel) or part (e) ("special purpose" counsel)—that the trustee intended to employ SBPC. Furlough objected to the application.

The bankruptcy court conducted a hearing on April 4, 2017.  Crucial to this appeal, at the hearing the trustee stipulated that employment was sought pursuant to 327(a), not 327(e).[8]

Equally as crucial—and contrary to the mandates of Texas Rule of Professional Conduct 1.06—SBPC's testimony shows that ***SBPC obtained no***

---

[7]     See Furlough's April 4, 2017 Exh. 2 (NOV's proof of claim, caption of the Plaintiff's First Amended Petition and Request for Disclosure attached thereto) (C.R. at 15-39).

[8]     The trustee urged that employment was sought pursuant to 327(a) "and" part (c) of 327.  Unlike parts (a) and (e), part (c) of 327 does not authorize employment.

*client-signed waivers of conflicts* from the trustee or from NOV, despite that SBPC would be (and is now) prosecuting two separate lawsuits for two separate clients *seeking recovery of damages from the same defendant*, Robert Furlough.[9]

Though acknowledging that Furlough raised "interesting" questions, the bankruptcy court overruled Furlough's objections, holding that, as a non-creditor, Furlough lacks standing to object.  The bankruptcy court then entered an order approving the trustee's employment of SBPC on a contingency fee basis.

After having its employment approved by the bankruptcy court, on April 4, 2017, SBPC initiated, on behalf of the trustee, adversary proceeding no. 17-03256 by suing Robert Furlough in bankruptcy court.  Without actually stating a plausible cause of action (as opposed to remedies), the complaint claims that the trustee is entitled to a declaratory judgment that *everything owned by Robert Furlough is actually owned by the bankruptcy estate*.[10]  The complaint also contains myriad irrelevant and scandalous allegations accusing Robert Furlough of an array of

---

[9]      At the hearing, the trustee produced a letter signed by SBPC purporting to reflect agreement by NOV to transfer to the trustee all funds recovered from Robert Furlough capped by the aggregate amount of creditor proofs of claim on file.

[10]      Furlough requests that the Court take judicial notice, pursuant to FRE 201(d), of the Adversary Complaint and Request for Injunctive Relief (docket #1), ¶52 (To the extent that one or more of the Defendants is adjudicated to be one and the same as the Debtor, such Defendants' property is thus property of the estate and eligible for turnover.) in adversary case number 17-03265 (C.R. at 116).

different crimes and misdeeds. (Robert Furlough's motion to dismiss and to strike is pending.[11])

It bears note that the trustee already sued Robert Furlough in February of 2016, and made many of the same scandalous allegations alleged in the new lawsuit.[12] There is reason to believe that NOV put the trustee up to filing that lawsuit. See, *e.g.*, 2/3/16 courtroom minutes in adversary proceeding no. 16-03022 reflecting the presence of SBPC, on behalf of NOV, at an emergency hearing conducted only a day after the lawsuit's initiation.

In that earlier lawsuit, the trustee was not represented by SBPC. In that earlier lawsuit, after Robert Furlough appeared, no evidentiary hearing was held, and an agreed judgment—whereby the trustee took nothing on its damages claim for conversion of bankruptcy estate property—was entered on August 8, 2016. There has been no appeal.

In Robert Furlough's view, NOV, through SBPC, is misusing the bankruptcy process. Typically, at this preliminary stage, such would not be this Court's concern.

---

[11] Furlough requests that the Court take judicial notice, pursuant to FRE 201(d), of the Motion of Defendants Robert Furlough and Safe-T-Cool, Inc. to Dismiss Suit for Failure to State a Claim, or, Alternatively, to Strike Scandalous and Irrelevant Allegations, and for a More Definite Statement (docket #12) in adversary case number 17-03265 (C.R. at 120-131).

[12] Furlough requests that the Court take judicial notice, pursuant to FRE 201(d), of (1) pages 3-4 of the Complaint for Turnover, Accounting, Temporary Restraining Order, Preliminary and Permanent Injunction (docket #1) in adversary case number 16-03022 (C.R. at 3-4); (2) pages 8-9 of the Adversary Complaint and Request for Injunctive Relief (docket #1) in adversary case number 17-03265 (C.R. at 111-112); and (3) pages 6-7 of the Motion of Defendants Robert Furlough and Safe-T-Cool, Inc. to Dismiss Suit for Failure to State a Claim, or, Alternatively, to Strike Scandalous and Irrelevant Allegations, and for a More Definite Statement (docket #12) in adversary case number 17-03265 (C.R. at 125-126).

However, SBPC's employment violates 11 U.S.C. § 327(a), and Texas Rule of Professional Conduct 1.06.  Thus, these disputes are properly brought before this Court.

## ARGUMENT SUMMARY

I.  A bankruptcy trustee owes a fiduciary duty to all of its creditors, not just to the largest.   Under section 327(a) of the Bankruptcy Code an attorney representing a trustee must be disinterested, and may not represent an interest adverse to the bankruptcy estate.

   a.  Furlough owns the debtor, Technicool.   Measured in dollars, NOV holds 93% of creditor proofs of claim filed in the Technicool bankruptcy case.

   b.   SBPC signed and filed the NOV proof of claim in the bankruptcy case. Based on the same facts set forth in NOV's proof of claim, SBPC, on behalf of NOV, is suing Robert Furlough in state court.

   c.  Pursuant to 327(a) of the Bankruptcy Code, the trustee asked the bankruptcy court to approve trustee's employment of SBPC for the purpose of suing Robert Furlough.

   d.   SBPC did not obtain signed waivers of conflict from either the trustee or from NOV.   SBPC's representation of the trustee violates Texas Rule of Professional Conduct 1.06.

   e.  The order approving SBPC's employment gives rise to irreconcilable competing duties that SBPC owes to the trustee, and to NOV.

   f.  Due to the ethical violations, the bankruptcy court erred when it authorized the engagement pursuant under 327(a).

   g.  Due to the ethical violations, and their potential impact on Furlough, the bankruptcy court erred when it held Furlough lacked standing to object.

   h.  The bankruptcy court had an independent duty to investigate whether SBPC qualifies under 327(a).

II.     SBPC's representation of NOV against the bankruptcy estate means that SBPC is not "disinterested" as is required by 327(a), and that SBPC represents an interest adverse to the bankruptcy estate, as is prohibited under 327(a).

III.    SBPC's state court litigation against Furlough, prosecuted on behalf of NOV, asserts causes of action owned by the bankruptcy estate.  The NOV litigation, therefore, violates the bankruptcy automatic stay.  The litigation, as such, further disqualifies SBPC under 327(a).

# ARGUMENT

**ISSUE #1: (Restated)**

Furlough owns the debtor, Technicool. NOV, through SBPC, is suing Furlough for the same events that are the basis of NOV's $3 million proof of claim. The trustee's employment of SBPC violates Tex. R. Prof. Cond. 1.06. When ethical rules are implicated, affected parties such as Furlough should be heard on the question of a trustee's choice of counsel under 327(a). Barring that, the bankruptcy court had an independent duty to assure itself that SBPC qualified under 327(a).

1. "[T]he role of a bankruptcy trustee in a case mandates an even stricter standard of conduct than that of a lawyer with a client." *In re Steele,* 26 Bankr. 233, 235 (Bankr. W.D. Ky. 1982) "The trustee is to serve in a totally objective posture. At no time must this clear and concise 'line in the sand' be violated." *Id.* A trustee's duty to all the creditors prohibits him from showing favoritism to one creditor over another. *In re Troy Dodson Constr. Co., Inc.,* 993 F.2d 1211, 1216 (5th Cir. 1993).[13]

2. Like their bankruptcy trustee clients, attorneys who represent bankruptcy trustees "should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." *I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.)*, 432 F.3d 347, 355 (5th Cir. La. Dec. 1, 2005)(quoting *In re*

---

[13]     "It is not clear that a trustee could ethically agree to shortchange one set of creditors' interests in the debtor's estate even in order to improve the unsecured creditors' position. The trustee owes a fiduciary duty to *all* the creditors, not just to the unsecured creditors." (emphasis in original).  On the appeal of a secured creditor with a security interest in the debtor's contract rights, the Fifth Circuit reversed the lower courts' rulings that settlement proceeds paid to the debtor were for tort damages, not contract damages.

*Kuykendahl Place Assoc., Ltd.,* 112 Bankr. 847, 850 (Bankr. S.D. Tex. 1989) (Honorable L. Paul presiding)).

3.      In this respect, employment of counsel under 327(a) implicates the integrity of the entirety of the bankruptcy case. Section "327 exists to protect the integrity of the bankruptcy system, and is designed to prevent even the possibility that professionals may compromise their representation of debtors*." In re American Printers & Lithographers, Inc.,* 148 B.R. 862, 866 (Bankr. N.D. Ill. Dec. 22, 1992) (citations removed) (bankruptcy court disallowed employment and disallowed a waiver of a conflict when the debtor's counsel would necessarily have to negotiate with its other client, a secured creditor and debtor in possession lender to the debtor, during the course of the chapter 11 case). "Section 327's regulation of the trustee's ability to hire professionals … 'serve[s] the important policy of ensuring that all professionals appointed to represent the trustee tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *In re Contractor Tech., Ltd., 2006 U.S. Dist. LEXIS 34466* (S.D. Tex. May 30, 2006) (Honorable N. Atlas presiding) (internal brackets removed) citing *Rome v. Braunstein, 19 F.3d 54, 58* (1st Cir. 1994*); and *AroChem Corp.*, 176 F.3d 610, 621 (2d Cir. 1999).[14]

---

[14]      "Section 327 is intended . . . to address the appearance of impropriety as much as its substance, to remove the temptation and opportunity to do less than duty demands." *See In re Martin*, 817 F.2d 175, 181 (1st Cir. 1987).

> [Other] purpose[s] of § 327 include avoiding the
> appearance of a conflict of interest, In re Vouzianas, 259 F.3d
> 103 (2d Cir. 2001), a judicial check on the trustee's power, Id.,
> to allow for the participation of lawyers while remedying the
> lack of debtor's incentive to negotiate attorney's fees for cost-
> effective counsel, In re Bressman, 327 F.3d 229 (3d Cir.
> 2003), to preserve the integrity of bankruptcy to protect
> debtors from overreaching by professionals, Halbert v. Yousif,
> 225 B.R. 336 (E.D. Mich. 1998), and to ensure loyalty to the
> bankruptcy client, In re Wheatfield Business Park LLC, 286
> B.R. 412 (Bankr. C.d. Cal. 2002). 2A Bankr. Service L. Ed. §
> 16.9 (See Bankruptcy Service for Digests of Decisions and
> Purpose of Statute which provides a compilation of cases
> citing different purposes behind § 327).

*In re Cyrus II P'ship & Bahar Dev*., Inc., 2008 Bankr. LEXIS 2317 (Bankr.

S.D. Tex. July 31, 2008) (Honorable M. Isgur presiding); see also *In re Kestner*,

2015 Bankr. LEXIS 1378 (Bankr. D. Md. Apr. 20, 2015)(discussing how

"combination of historical abuses, Congressional mandate and debtor vulnerability"

led to how a "[law] firm's obligation to disclose conflicts of interest it may have

pursuant to section 327, is central to the integrity of the bankruptcy process.")

4.      Because 327(a) implicates the integrity of the entire bankruptcy case

"the Court has an independent duty to inquire into the qualifications of counsel for

debtor in possession under § 327(a)." *In re HML Enters., LLC,* 2016 Bankr. LEXIS

3693 (Bankr. E.D. Tex. Oct. 12, 2016) citing *In re Git-N-Go, Inc.*, 321 B.R. 54, 59

(Bankr. N.D. Okla. 2004) (citing *Interwest Bus. Equip., Inc. v. U.S. Trustee* (In re

Interwest Bus. Equip., Inc.), 23 F.3d 311, 316 (10th Cir. 1994). "While wide latitude

is generally afforded to the trustee in the selection of professional persons to be

employed, section 327(a) authorizes the employment of professional persons only if such persons do not hold or represent an interest adverse to the estate and are 'disinterested persons' as that term is defined in section 101(14) of the Code."  3-327 Collier on Bankruptcy P 327.01 (underscoring added).[15]

5.      A representation that is prohibited by Rule 1.06[16]—whether part (a) or (b) thereof -- is, for 327(a) purposes, "an interest adverse to the estate" that necessarily precludes employment.  For instance, 1.06(a) disallows an attorney from representing opposing parties to the same litigation; i.e., "a situation where a judgment favorable to one of the parties will directly impact unfavorably upon the other party." Comment 2 to Rule 1.06.  As to part (b)(1) of 1.06, substantially related matters, "[a]n impermissible conflict may exist or develop by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question." Comment 3 to Rule 1.06.

6.      As to 1.06(b)(2), "[l]oyalty to a client is impaired … in any situation [i.e., not just the "same litigation", or a "substantially related matter"] when a lawyer may not be able to consider, recommend or carry out an appropriate course of action

---

[15]     It helps to appreciate that "[w]hile section 327(c) permits the estate's retention of a professional whose client is or was a creditor of the estate, it does not authorize representation of that creditor in connection *with any asserted claim against the estate.*" 3-327 Collier on Bankruptcy P 327.01 (emphasis added).

[16]     All referenced herein to Rule 1.06 refers to the Texas Rules of Professional Conduct.

for one client because of the lawyer's own interests or responsibilities to others."
Comment 4 to Rule 1.06.  "The conflict in effect forecloses alternatives that would
otherwise be available to the client." *Id*.

7.      Under Rule 1.06(b), "a lawyer shall not represent a person if the
representation of that person … involves a substantially related matter in which that
person's interest are materially and directly adverse to the interest of another client
of the lawyer or lawyer's firm[.]"

8.      Within the meaning of Rule 1.06(b), "the representation of one client is
'directly adverse' to the representation of another client if the lawyer's independent
judgment on behalf of a client or the lawyer's ability or willingness to consider,
recommend or carry out a course of action will be or is reasonably likely to be
adversely affected by the lawyer's representation of, or responsibilities to, the other
client. The dual representation also is directly adverse if the lawyer reasonably
appears to be called upon to espouse adverse positions in the same matter or a related
matter." Comment 6 to Rule 1.06.

9.      An un-waived potential conflict, of course, precludes a Texas attorney
from representing a client. Rule of Prof. Cond. 1.06(b) and (c)(2).  That is the
circumstance before this Court. See ¶23 herein.  But even if both NOV and the
trustee had executed waivers, there would still be a problem under 327(a). That is, a
1.06(b) circumstance, by definition, means that either (i) the trustee's interests are

"materially and directly adverse to the interests of" the proposed attorney's non-trustee client, necessarily triggering the 327(a) adverse interest exclusion, or, (ii) the lawyer's ability to represent the trustee "reasonably appear[s] to be or to become adversely limited by the lawyer's or the law firm's responsibilities to another client." In other words, the law firm "reasonably appears to be or to become" unable to achieve the "high degree of impartiality and detached judgment expected of them during the course of administration." *In re W. Delta Oil Co.*, supra, 432 F.3d at 355.

10.    Thus, bankruptcy courts reason that while a potential conflict may be waivable by a client who is *not* a bankruptcy trustee, a potential conflict under the rules of ethics usually precludes 327(a) employment. *Sturgeon State Bank v. Perkey (In re Perkey)*, 194 B.R. 846, 850 (Bankr. W.D. Mo. Apr. 15, 1996).[17] ; *In re Perry*, 194 B.R. 875, 880 (E.D. Cal. Feb. 7, 1996)[18]cited by the Fifth Circuit in *In re W. Delta Oil Co.*, supra, 432 F.3d at n. 27.[19] *See In re Lewis Road, LLC*, No. 09-37672, 2011 Bankr. LEXIS 4827, 2011 WL 6140747, at *10 (Bankr. E.D. Va. Dec. 9, 2011)

---

[17]    If trustee and creditor "consent to [attorney's] dual representation of [trustee] on the fraudulent conveyance count … and representation of [creditor] in [trustee's] suit to set aside the [creditor's] lien … [then the attorney] could satisfy the requirements in Rule 1.7(a) [Missouri's version of Tex. Rule 1.06(b)]" but the attorney still "does not satisfy the requirements of 327(a)" … because the attorney "represents an interest adverse to the bankruptcy estate." *Id* at 849-850.

[18]    "As to the potential conflict of interest…. section 327(a) has a strict requirement of disinterestedness and absence of representation of an adverse interest which trumps the [waiver provisions of the] rules of professional conduct."

[19]    The Fifth Circuit was discussing "the phrase 'represent or hold any interest adverse to the debtor or to the estate'".

("[E]ven if the conflict was waivable under the Virginia Rules of Professional Conduct, [counsel] must independently satisfy the requirements of § 327"); [*22] *In re MF Global Inc.*, 464 B.R. 594, 605 n.9 (Bankr. S.D.N.Y. 2011) ("in a retention approved pursuant to Section 327 . . . conflicts waivers rarely suffice to trump the strict requirement of disinterestedness").[20]

11.     Setting aside for the moment the clear violation of Rule 1.06 due to SBPC's failure to obtain waivers:  This is an ethical quagmire for SBPC and for the trustee.

       a.     SBPC represents the single creditor, NOV, whose unsecured proof of claim represents 93% of the total dollars of all filed proofs of claim. Furlough Exh. 2, NOV proof of claim filed in bankruptcy case number 15-34435[21]

       b.     NOV, through SBPC, is suing in state court Robert Furlough and Jeff Huckaby, the same persons that the trustee hired SBPC to sue in adversary proceeding no. 17-03265.[22]

       c.     SBPC actually signed the NOV proof of claim, thus waiving NOV's attorney client privilege. [23]

---

[20]     Some courts have held that where the conflict is "actual" then disqualification is required, but that if the conflict is merely "potential" then disqualification is within the discretion of the court.  See *In re Marvel Entm't Grp., Inc.*, 140 F.3d 463, 477 (3d Cir. 1998).  For the reasons set forth herein, are not consistent with 327(a)'s disinterestedness requirement, and prohibition against representing an adverse interest.

[21]     Furlough requests that the Court take judicial notice, pursuant to FRE 201(d), that $3,000,000 is 93% of the $3,242,391.18 in total claims.

[22]     April 4, 2017, hearing Furlough Exh. 1 (C.R. at 40-50).

[23]     *Schmidt v. Rodriguez (In re Rodriguez)*, 2013 Bankr. LEXIS 5048 (Bankr. S.D. Tex. June 5, 2013), (Honorable M. Isgur presiding) (the bankruptcy court required the attorney for several creditors who signed the creditors' proofs of claim to sit for a deposition on the facts alleged in the proofs of claim "Signing a proof of claim is an assertion of personal knowledge of the facts alleged in the proof of claim.") Also, an attorney who is a material fact witness is subject to disqualification pursuant to the Texas Rules of Professional Conduct Rule 3.08.

d. NOV's live state court petition against Furlough and Huckaby allege that they used Technicool to commit fraud against NOV.[24]

e. The trustee's live complaint alleges that Furlough and Huckaby used Technicool as a sham to perpetrate myriad frauds, including, according to the complaint, against NOV.[25]

12. First, the chapter 7 trustee has a statutory duty to examine and, if in his entirely objective view it is merited, challenge proofs of claim. 11 U.S.C. §704(a)(5). Here, SBPC took the unusual step of actually signing the proof of claim on behalf of NOV. When an attorney signs a proof of claim, it is a representation under oath of personal knowledge regarding the basis of the claim that waives the attorney client privilege. See footnote 23 herein. What if the trustee objects to the NOV proof of claim? Will the trustee call an SBPC attorney as a witness with knowledge against SBPC's other client, NOV? The outsized NOV proof of claim—scheduled as disputed by Technicool -- is swamping the claims held by the smaller creditors. The trustee has a duty to protect those smaller creditors from diminution from illegitimate claims, not just a duty to the largest creditor. See ¶ 1 herein.

13. As owner of Technicool, Robert Furlough has a financial stake in the question of whether the trustee's attorney/client relationship with SBPC impacts the

---

[24]     April 4, 2017, hearing Furlough Exh. 1 ¶¶ 1, 6, 20, 21, 23, 24, 29, and 30 (C.R. at 40-50).

[25]     Furlough requests that the Court take judicial notice, pursuant to FRE 201(d), of ¶¶ 23, 40, 43, 47, and 55 in Adversary Complaint and Request for Injunctive Relief (Docket #1) filed June 5, 2017 in adversary case number 17-03265, *Lowell T. Cage, Trustee v. Worldfab, Inc., et al.*, U.S. Bankruptcy Court for the Southern District of Texas, Houston Division (C.R. at 104-119).

trustee's willingness to object to the proof of claim of NOV; a proof of claim that, in Robert Furlough's view, is unsupportable. According to the bankruptcy schedules, for instance, but for the NOV proof of claim (scheduled as "disputed") the value of the assets would exceed the debt owed by Robert Furlough. Technicool, owned by Robert Furlough, is entitled to any estate surplus. 11 U.S.C. § 726(a); see also *Nassau Sav. & Loan Ass'n v. Miller*, 24 C.B.C.2d 206, 116 B.R. 423 (Bankr. E.D. Pa. 1990).

14.     Next, the rules of the Fifth Circuit and the Southern District of Texas encourage settlement and alternative dispute resolution. See, *e.g*., S.D. Tex. L.R. 16.4; see also 28 U.S.C. §1652.   What if the trustee seeks guidance from its counsel, SBPC, as to whether the trustee should take a settlement offer from Robert Furlough?   On the one hand, SBPC has a duty to provide the trustee completely objective advice, untainted by the interests of anyone other than the trustee as he carries out his statutory duties.   On the other hand, SBPC has a competing duty to its other client, NOV, the creditor who claims to be owned $3 million by the bankruptcy estate (93% of all debt in the proofs of claim on file), and who, therefore, is far better off if the trustee succeeds in his wildly aggressive (if not entirely unsupportable) request for a declaratory judgment that everything Robert Furlough owns is owned by the bankruptcy estate. See compl. in adversary proc. no. 17-03265, at §52.   SBPC's competing client loyalties are irreconcilable.   Under Rule 1.06(b),

"the representation of one client is 'directly adverse' to the representation of another client if the lawyer's independent judgment on behalf of a client or the lawyer's ability or willingness to consider, recommend or carry out a course of action will be or is reasonably likely to be adversely affected by the lawyer's representation of, or responsibilities to, the other client."  Comment to Rule 1.06.

15.    Next, the trustee's current lawsuit against Furlough, prosecuted by SBPC, contains myriad factual allegations regarding Furlough's business practices, including through Technicool, from the mid-90s to the present.[26]  Some of the allegations of fraud in the trustee's new suit against Furlough match the allegations of fraud in NOV's suit against Furlough, *fraud allegations, in turn, that form part of the basis of NOV's proof of claim*.   What if during the course of SBPC's representation of the trustee, SBPC comes across information that tends to show Furlough did not commit the (vaguely described) frauds alleged by NOV in its separate state court lawsuit against Furlough?  Such information (unless public) would be confidential client information owned by the bankruptcy trustee.  See Tex. R. Prof. Cond. 1.05.   Indeed, because the trustee has a statutory duty to object to illegitimate claims, *SBPC would have a duty to advise the trustee that the trustee has a basis to object to the NOV claim.*  On the other hand, SBPC has a duty of

---

[26]      Furlough requests that the Court take judicial notice, pursuant to FRE 201(d), of the Trustee's Adversary Complaint and Request for Injunctive Relief (docket #1) ¶¶ 16-18, filed in adversary case number 17-03265 (C.R. at 107-108).

loyalty to his other client, NOV, a duty that SBPC would violate by providing the trustee with information that shows the NOV claim should be objected to.   The competing duties are irreconcilable.

16.    Indeed, at the hearing on whether SBPC's employment should be approved, the SBPC attorney admitted in testimony that if the trustee wanted to settle and the NOV opposed, SBPC could not represent NOV in such a dispute.  4/4/2017 Tr. p. 22, lines 15-25, p. 23, lines 1-2 (C.R. at 99-100). (Again, SBPC *admits* that it has not obtained a conflict waiver.)

17.    Such a dispute, for context, is the kind of thing that happens all the time in bankruptcy. See Fed. R. Bankr. P. 9019 (all creditors entitled to notice and opportunity to object to a trustee's proposed litigation settlement).   Litigation counsel often appears at a hearing on whether or not a bankruptcy court should approve a settlement over the objection of a creditor.   Sometimes litigation counsel testifies in support of a trustee's proposed settlement. SBPC's competing loyalties are irreconcilable.

18.    Next: Again, the trustee stipulated that SBPC's engagement is pursuant to 327(a), not 327(e) ("special purpose").[27]  Because NOV filed a proof of claim, technically speaking, SBPC is currently representing two parties to the same

---

[27]      4/4/2017 Tr. p. 8, lines 3-19 (C.R. at 85).

litigation (the bankruptcy case).  See *In re Enron Creditors Recovery Corp*., 370 B.R. 90, 96 (Bankr. S.D.N.Y. 2007).[28]

19.   And as set forth herein at ¶¶ 33-40 SBPC lawsuit against Robert Furlough on behalf of NOV violates the automatic stay, to the detriment of the chapter 7 trustee and the estate.  The trustee, therefore, has a stay violation claim against NOV and SBPC.  That is yet another active conflict in what is, at a minimum, a 1.06(b) "substantially related matter."   (The bankruptcy court expressed the view that there is no stay violation. See Tr. p. 12, lines 4-12. (C.R. at 91))

20.   When it comes to employment of estate professionals "the importance of adherence to the ethical rules, as well as disclosure, initial and continuing, cannot be overemphasized."  *In re Congoleum Eng'ng*, 426 F3d 675 (3rd Cir. 2005) citing 1 Collier on Bankruptcy (15 ed.) (non-creditor insurers had standing to appeal the issue of employment of a professional). As to the issue of whether a professional has a conflict of interest that would preclude employment under 327(a), the bankruptcy court should hear and consider the objections of potentially affected parties, such as Furlough, even if they have not filed a proof of claim.  Furlough respectfully submits that the bankruptcy court erred by not doing so, and further erred by failing to conduct an independent analysis of whether SBPC qualifies under 327(a).

---

[28]      "After the statute of limitations has run (here, the Bar Date), Rule 15(c)(2) is used for amending ***an original pleading (here, the proof of claim***) to add a claim or defense, and Rule 15(c)(3) applies for adding a new party (here, Enron )…" (emphasis added).

21.     At the bankruptcy court hearing, the trustee urged that part (c) of 327, authorized the trustee's employment of SBPC. The trustee, however, misunderstands part (c) of 327. "[A]lthough section 327(c) permits retention by the estate of a professional person whose client is or was a creditor, it does not authorize representation of that creditor *vis-a-vis any asserted claim against the estate*." (emphasis added). 3-327 Collier on Bankruptcy P 327.04. The problem in the dispute at bar is that SBPC represents the estate's largest creditor in an *asserted claim against the estate*.   Measured in dollars, that claim represents 93% of the claims asserted against the estate. Indeed, SBPC signed the proof of claim.

22.     Furlough anticipates that the chapter 7 trustee will direct this Court to *In re Contractor Tech., Ltd., supra,* for the proposition that part (c) of 327 authorizes the SBPC engagement.   In that case U.S. District Judge Nancy Atlas affirmed Bankruptcy Judge Marvin Isgur's approval of a 327(a) engagement of a law firm, Porter Hedges, in a chapter 11 bankruptcy case in which there were over 400 proofs of claim filed, and on behalf of eight such creditors Porter Hedges had made appearances in the bankruptcy case.

23.     *Contractors Tech* is distinguishable in crucial ways: Not least, in *Contractor Tech* the bankruptcy court did not authorize 327(a) employment that blatantly violates Rule 1.06; i.e., it did not involve un-waived conflicts.   In the present dispute, by contrast, there were no waivers executed, despite that SBPC's

representation of the trustee is fraught with ethical hazards, see ¶¶11-19 herein.[29]

4/4/17 Tr., p. 20, lines 8-16, p. 21, lines 12-23 (C.R. at 97-98). Unlike in *Contractors*

*Tech*, here Rule 1.06 precludes SBPC's representation of the trustee.   In *Contractor*

*Tech*, unlike here, the order authorizing employment expressly carved out litigation

involving Porter Hedges' eight creditor clients. In *Contractor Tech*, unlike here, the

Court found that the disarray of the debtor's books amounted to unusual

circumstances meriting approval of the engagement. Also, unlike in *Contractor*

*Tech*, in two separate lawsuits, SBPC is suing the same party, Furlough, on behalf

of two different clients, the trustee, and the estate's largest creditor, NOV, creditor

who holds 93% of the estate's debtor.[30] 4/4/17 Tr. P. 19, lines 23-25, p. 20, lines 1-

4 (C.R. at 96-97).

## ISSUE #2: (Restated)

The bankruptcy court's order authorizing the trustee's employment of SBPC
impermissibly violated § 327(a)'s requirements that the trustee's attorneys "not hold
or represent an interest adverse to the estate" and that the trustee's attorneys "are
disinterested persons."

A.   *SBPC's representation of NOV encompasses the assertion of an economic*
     *interest that would tend to lessen the value of the bankruptcy estate, and could*
     *create an actual or potential dispute against the estate, and therefore*
     *constitutes an "adverse interest."*

24.   Employment of professional persons under 11 U.S.C. § 327(a) requires

application of a two prong test. 11 U.S.C. § 327(a); *In re LTHM Houston –*

---

[29]     It is Furlough's position, especially given the facts of this case, that any conflicts are un-waivable.

[30]     Furlough disputes that NOV is owed anything by Technicool or by himself.

*Operations, LLC*, No. 14-33899, 2014 Bankr. LEXIS 4495 (S.D. Tex. 2014). "The [t]rustee, with the court's approval, may employ a professional that (i) does not hold or represent an interest adverse to the estate; and (ii) is a disinterested person. These two criteria overlap because part (C) of the definition of a 'disinterested person' includes a person who does not have an interest materially adverse to the estate." *Id.* at *3–4 (citing *In re Howell*, 148 B.R. 269, 270 (Bankr. S.D. Tex. 1992)).

25.    A party has an "adverse interest" to the estate if they: (1) possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate, or that would create either an actual or potential dispute in which the estate is a rival claimant; or (2) possess a predisposition under circumstances that render such a bias against the estate. *Id.* at *4; *Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery, Inc.)*, 676 F.3d 455 (5th Cir. 2012). A court's determination of an adverse interest must be made with an eye to the specific facts of the case, and the standards for finding a conflict are "strict" because "attorneys engaged in the conduct of a bankruptcy case 'should be free from the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration.'" *In re Am. Int'l Refinery*, 676 F.3d at 461–62 (internal citations omitted).

26.     SBPC currently represents NOV, the bankruptcy estate's largest creditor. Through SBPC, NOV asserts an economic interest that aims to lessen the value of the bankruptcy estate, and that creates an actual dispute in which the estate is a rival claimant. Courts have found disqualifying adversity to exist in such cases where the proposed professional had a relationship with either the debtor or a creditor. *In re LTHM Houston – Operations, LLC*, 2014 Bankr. LEXIS 4495 at *4. *See also In re Micro-Time Management Sys.*, 102 B.R. 602 (Bankr. E.D. Mich. 1989) (finding that an accounting firm's significant work for a major prepetition creditor constituted an adverse relationship that disqualified the accounting firm from being employed by the trustee; "Any hint of any prior or ongoing relationship . . . would create at least the appearance of impropriety.").

27.     In *Sturgeon State Bank v. Perkey*, the bankruptcy court considered a closely analogous situation where a bankruptcy estate's trustee attempted to hire the same counsel as the largest creditor of the estate. *Sturgeon State Bank v. Perkey (In re Perkey)*, 194 B.R. 846 (Bankr. W.D. Mo. 1996). The court recognized that on the one hand, the trustee would be proceeding against the debtors seeking to benefit the creditor of the estate, while on the other hand the trustee would be proceeding against the creditor in an attempt to eliminate its status as a secured creditor, and that such a situation presented a conflict of interest. *Id.* at 849. "The conflict of interest may seem highly technical, but it still gives the Court a queasy feeling. . . . At the very

least, the fact that [the trustee] and [the creditor] would be proceeding as co-plaintiffs in one suit while [the trustee] is suing [the creditor] in another action could raise a question in the mind of a disinterested observer concerning [] objectivity." *Id.*

28.     Because § 327 must be strictly construed to maintain the integrity of the bankruptcy process, any doubt as to the existence of a conflict should be resolved in favor of disqualification. *Id.* at *850. Thus, the *Perkey* court determined that the attorney's representation of the creditor was an interest adverse to the bankruptcy estate, and thus disqualified counsel from representing the trustee. *Id.*

**B.     *SBPC's representation of NOV constitutes an interest materially adverse to the interest of the estate, and therefore disqualifies SBPC as a "disinterested person."***

29.     A professional person employed under § 327(a) must meet the second requirement that the debtor's counsel is a disinterested person. 11 U.S.C. § 327(a); *In re Red Lion*, 166 B.R. 296, 298 (Bankr. S.D. Tex. 1994). "The purpose of this standard is that Congress intended to prevent conflicts of interest with regard to the integrity of the person under consideration for employment." *In re Red Lion*, 166 B.R. at 298. The term "disinterested person" is defined in 11 U.S.C. § 101(14) as a person that:

(A)     is not a creditor, an equity security holder, or an insider;
(B)     is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
(C)     does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct

or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

30.     11. U.S.C. § 101(14)(A)–(C); *In re Am. Int'l Refinery, Inc.*, 676 F.3d at 461. The phrase "or for any other reason" is a catch all clause that is sufficiently broad to include any professional with an interest or relationship that would even faintly color the independence and impartiality required by the statute. *In re LTHM Houston – Operations, LLC*, 2014 Bankr. LEXIS 4495 at *5. SBPC's relationship to NOV is such a disqualifying relationship.

C.     *SBPC fails under both of § 327(a)'s requirements that a professional not represent an interest adverse to the estate, and that a professional be disinterested. Therefore, it was clearly erroneous for the bankruptcy court to authorize the trustee's employment of SBPC under § 327(a).*

31.     The Fifth Circuit has repeatedly emphasized the strict standards under which a bankruptcy estate's trustee may employ professional persons, and the fact that attorneys engaged in a bankruptcy case "should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration." *I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co.)*, 432 F.3d 347, 355 (5th Cir. 2005) (internal quotation marks and citations omitted). Any doubt as to the existence of a conflict should be resolved in favor of disqualification, and arguments that attempt to highlight any benefit of efficiency are outweighed by the need for the appearance of

propriety. *See In re Gray*, 64 B.R. 505, 508 (Bankr. E.D. Mich. 1986) ("With respect to the question of efficiency, it is by now plain that Congress, when it enacted § 327(a), made a choice that efficiency would be sacrificed for the appearance of propriety. Without allowance of exception, the law stands that a person who is not disinterested . . . or who has or represents an adverse interest may not be hired by a bankruptcy fiduciary.").

32.    SBPC holds an interest that is materially adverse to the bankruptcy estate <u>and</u> does not qualify as a disinterested person. SBPC fails under *both* prongs of § 327(a)'s strict requirements, and should have been disqualified from employment by the trustee. Therefore, the bankruptcy court's order authorizing the trustee's employment of SBPC was clearly erroneous.

**ISSUE #3: (Restated)**
In allowing NOV to proceed with its state court lawsuit against Robert Furlough, the bankruptcy court erroneously concluded that the state court cause of action was not owned by the bankruptcy estate, and impermissibly found that the lawsuit was not a violation of the bankruptcy's automatic stay or a conflict under § 327(a).

A.    *NOV's state court claims against Robert Furlough are property of the bankruptcy estate.*

33.    Property of the bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The term "all legal or equitable interests" has been defined broadly to include causes of action. *Schertz-Cibolo-Universal City v. Wright (In re Educators*

*Group Health Trust)*, 25 F.3d 1281, 1283 (5th Cir. 1994). If a cause of action belongs

solely to the estate's creditors, then the trustee has no standing to bring the cause of

action. *Id.* at 1284. On the other hand, if the cause of action belongs to the bankruptcy

estate, then the trustee has exclusive standing to assert the claim and a creditor's

attempt to bring such a cause of action is a violation of the bankruptcy court's

automatic stay. *Id.*

      34.    The Fifth Circuit has laid out the standards by which to determine

whether a cause of action is property of the bankruptcy estate or not:

> Whether a particular state cause of action belongs to the estate depends
> on whether under applicable state law the debtor could have raised the
> claim as of the commencement of the case. As part of this inquiry, we
> look at the nature of the injury for which relief is sought. **If a cause of**
> **action alleges only indirect harm to a creditor (i.e., an injury which**
> **derives from harm to the debtor), and the debtor could have raised**
> **a claim for its direct injury under the applicable law, then the cause**
> **of action belongs to the estate.** Conversely, if the cause of action does
> not explicitly or implicitly allege harm to the debtor, then the cause of
> action could not have been asserted by the debtor as of the
> commencement of the case, and thus is not property of the estate.
> *Id.* (internal citations omitted) (emphasis added).

      35.    NOV's second amended petition in its state court litigation asserts

claims of fraud, fraudulent inducement, fraud by non-disclosure, negligent

misrepresentation, and aiding and abetting against Robert Furlough and Jeff

Huckaby. (C.R. at 68) [The bankruptcy court excluded this exhibit from evidence].

The petition describes Furlough's position at Technicool, and tortious conduct that

Furlough allegedly had actual or constructive knowledge of due to his position at Technicool:

". . . Furlough was Technicool's sole owner and also served as its President and Chief Executive Officer. Furlough and others at Technicool under his direct supervision and control . . ." (C.R. at 68).

"In all cases Furlough and Huckaby either actively participated in this tortious conduct or otherwise had actual or constructive knowledge that others at Technicool were engaging in such tortious conduct." (C.R. at 68)

"But for the representations of Furlough, Huckaby, and others under their direct supervision and control at Technicool . . ." (C.R. at 71).

36.     Claims based solely on an individual's status as an officer or director of a debtor are not direct claims against the individual. They are claims against the debtor that belong to the bankruptcy estate. *See In re Caspri Corp.*, No. 07-30485-LMC, 2010 Bankr. LEXIS 631, *19–20 (Bankr. W.D. Tex. 2010). Direct claims are those that belong only to individual creditors and exist independently of claims owned by the corporation because they do not hinge on a director's or officer's duty to the corporation. *See id.* at *15. For a creditor's claims to be direct claims, they must be based upon some direct relationship between the creditor and the individual. *See id.* at *19. Otherwise, when the claim is based solely on the individual's status as an officer or director of the debtor, that claim belongs to the bankruptcy estate and a creditor's attempt to commence an action to recover on such a claim is an impermissible attempt to exercise control over property of the estate and a violation of the automatic stay. *See id.*

37.     NOV does not allege any type of direct relationship between Technicool and Robert Furlough as an individual. NOV's petition fails to even definitively state whether the allegedly tortious acts were committed by Furlough individually or by another representative of Technicool. Under each cause of action, the petition states Furlough either actively participated in this alleged tortious conduct by personally making such representations, or otherwise having actual or constructive knowledge that others at Technicool were making such representations." (C.R. at 73–76). Because NOV's claims are based solely on Furlough's status as an officer of Technicool, its claims belong to the bankruptcy estate and the state court lawsuit is a violation of the automatic stay.

*B.   NOV's state court lawsuit seeks to redress the same injuries as NOV's proof of claim against the bankruptcy estate.*

38.     NOV's proof of claim seeks $3,000,000 from the bankruptcy estate. (C.R. at 81). Notably, NOV's second amended petition in the state court litigation seeks the exact same amount of damages from Furlough. (C.R. at 73). NOV's second amended petition also describes the same damages that NOV seeks to recover from Technicool in the bankruptcy proceeding:

NOV's Proof of Claim:
"This amount is comprised of: (1) the purchase price of the units; (2) NOV's remediation costs in inspecting, repairing, and/or replacing units; (3) all other costs of mitigation; (4) the difference in value of the units ordered and those actually received, and/or (5) foreseeable damage to third-party customers' business and property caused by the units' inadequate cooling capacity." (C.R. at 97–98)

NOV's Second Amended Petition:
"This amount is comprised of: (1) the purchase price of the units; (2) NOV's remediation costs in inspecting, repairing, and/or replacing the units; (3) all other costs of mitigation; (4) the difference in value of the units ordered and those actually received; and/or (5) foreseeable damage to third-party customers' business and property caused by the units' inadequate cooling capacity." (C.R. at 73).

39.    When a plaintiff seeks to redress the same injuries and make the same underlying allegations as those that could be asserted by the bankruptcy estate, "no amount of artful pleading will disguise that they are the same claims, properly settled by the Bankruptcy Estate." *Hern Family L.P. v. Compass Bank*, 863 F. Supp. 2d 613, 622 (S.D. Tex. 2012). NOV's state court claims are property of the bankruptcy estate. Any attempt to collect on such claims in an independent action is an impermissible attempt to exercise control over property of the bankruptcy estate and a violation of the automatic stay. 11 U.S.C. §362(a).

C.    *NOV's lawsuit against Robert Furlough violates the automatic stay, which further disqualifies SBPC under § 327(a).*

40.    As set forth above, NOV's state court claims belong to the bankruptcy estate and NOV's attempt to collect on such claims in an independent lawsuit is an impermissible attempt to exercise control over property of the bankruptcy estate, and therefore a violation of the automatic stay. SBPC's representation of NOV in the state court lawsuit, and subsequent violation of the automatic stay, puts SBPC in a position directly adverse to the interests of the estate. This constitutes an actual

conflict between SBPC and the bankruptcy estate, which disqualifies SBPC from

employment by the trustee under § 327(a).

## CONCLUSION

41.    A bankruptcy trustee owes a fiduciary duty to all of its creditor, not just to the largest.  Under section 327(a) of the Bankruptcy Code an attorney representing a trustee must be disinterested, and may not represent an interest adverse to the bankruptcy estate.  Furlough has standing.  But even if not, the integrity of the bankruptcy case is at issue, and, therefore, the bankruptcy court had an independent duty to investigate whether SBPC qualifies under 327(a).  SBPC is hopelessly conflicted and does not qualify under 327(a).

42.    FOR THE REASONS STATED, Appellant, ROBERT FURLOUGH, respectfully requests that this Court reverse the trial court's order authority the trustee's employment of SBPC 327(a) counsel.

Respectfully submitted,
HOOVER SLOVACEK LLP

By: */s/ Annie E. Catmull*
Annie E. Catmull
State Bar No. 00794932
Galleria Tower II
5051 Westheimer, Suite 1200
Houston, Texas 77056
Telephone: 713-977-8686
Facsimile: 713-977-5395
catmull@hooverslovacek.com
**ATTORNEYS FOR APPELLANT**
**ROBERT FURLOUGH**

**CERTIFICATE OF COMPLIANCE WITH RULE 8015(A)(7)(B)**

This brief complies with the type-volume limitation of Rule 8015(a)(7)(B) because:

☑        This brief contains 9,326[31] words, excluding the parts of the brief exempted by Rule 8015(a)(7)(B)(iii) or 8016(d)(2)(D).

_/s/ Annie E. Catmull_                                  July 25, 2017
                    Annie Catmull

---

[31]        There are 10,656 words in the entire document.