Case No. 4:17-CV-01222

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

*In re Technicool Systems, Inc., Debtor*

On appeal from the United States Bankruptcy Court for the
Southern District of Texas, Houston Division

Bankruptcy Case No. 15-34435-H1-7
Civil Action No. 4:17-cv-0122

**BRIEF OF APPELLEE LOWELL T. CAGE, TRUSTEE**

TIMOTHY L. WENTWORTH
State Bar No. 21179000
VIANEY GARZA
State Bar No. 24083057
CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, Texas 77057
Telephone:  (713) 789-0500
Telecopier:  (713) 974-0344
tim.wentworth@cagehill.com
ATTORNEYS FOR
LOWELL T. CAGE, TRUSTEE

i

# **TABLE OF CONTENTS**

**TABLE OF CONTENTS** ..................................................................................................ii

**TABLE OF AUTHORITIES** ........................................................................................iii

**BRIEF OF APPELLEE LOWELL T. CAGE, TRUSTEE** ........................................ 1

    **I.**    STATEMENT OF ISSUES .................................................................................1

    **II.**    STATEMENT OF JURISDICTION ......................................................................1

    **III.**    STANDARD OF REVIEW .................................................................................1

    **IV.**    FACTS ........................................................................................................2

    **V.**    DISCUSSION ................................................................................................5

        A.    Because Furlough has no interest in the bankruptcy estate, the Bankruptcy Court did not err when it found that he lacked standing to object to the Trustee's employment of Stacy. ........................................6

        B.    The Bankruptcy Court did not err in finding that Stacy met the requirements of § 327(a) regarding disinterestedness and adverse interest. ........................................................................................................8

        C.    Whether the state court action violates the stay or is property of the estate is not before this Court. ...........................................................12

    **VI.**    CONCLUSION ............................................................................................13

    **CERTIFICATE OF SERVICE** ........................................................................................ 14

# **TABLE OF AUTHORITIES**

**Cases**

*Cont'l Illinois Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Ref. Co.)*, 890 F.2d 1312 (5th Cir. 1989) ............................................ 2

*Eresian v. Scheffer (In re Scheffer)*, 450 B.R. 271 (Bankr. D. Mass. 2011) ............. 7

*Gregg Grain Co. v. Walker Grain Co.*, 285 F. 156 (5th Cir.1922) .......................... 7

*I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co., Inc.)*, 432 F.3d 347 (5th Cir. 2005) ............................................................................................................. 11

*In re Contractor Tech., Ltd.*, No. CIV.A. H-05-3212, 2006 WL 1492250 (S.D. Tex. May 30, 2006) ..................................................................................................... 11

*In re Geriatrics Nursing Home, Inc.*, 195 B.R. 34 (Bankr. D.N.J. 1996) ................. 7

*In re Gray*, 64 B.R. 505 (Bankr.E.D.Mich. 1986) ................................................... 12

*In re LTHM Houston-Operations*, LLC, No. 14-33899, 2014 WL 5449737 (Bankr. S.D. Tex. Oct. 24, 2014) ...................................................................................... 12

*In re Martin*, 817 F.2d 175 (1st Cir. 1987) .............................................................. 12

*In re Micro-Time Mgmt. Sys., Inc.*, 102 B.R. 602 (Bankr. E.D. Mich. 1989) ......... 12

*In re Pappas*, 216 B.R. 87 (Bankr. D. Conn. 1997) ................................................ 10

*Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, S.A. de C.V.*, 347 F.3d 589, (5th Cir. 2003) ...................................................................................... 7

*Range v. United States*, 256 B.R. 868 (S.D. Tex. 2000) .......................................... 2

*S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142 (5th Cir. 1987) .............................................................................. 3

*Stoumbos v. Kilimnik*, 988 F.2d 949 (9th Cir. 1993) .............................................. 10

*Sturgeon State Bank v. Perky (In re Perkey)*, 194 B.R. 846 (Bankr. W.D. Mo. 1996) .................................................................................................................... 12

*Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery, Inc.)*, 676 F.3d 455 (5th Cir. 2012) ..................................................................................................... 11

*Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750 (4th Cir. 1993) ...................................................................................................................... 7

*Young v. DiFerrante (In re Walker Grain Co.)*, 416 B.R. 612 (S.D. Tex. 2009) .... 2

*Young v. Nat'l Union Fire Ins. Co. of Pittsburg, PA (In re Young)*, 995 F.2d 547
    (5th Cir. 1993)..................................................................................................2

*Zer-llan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436 (5th Cir. 2003)...................2

**Statutes**

11 U.S.C. § 101(10) ........................................................................................................6

11 U.S.C. § 101(17) ........................................................................................................7

11 U.S.C. § 327(a) ....................................................................................................5, 10

11 U.S.C. § 327(c) ................................................................................ 6, 7, 9, 10, 12, 13

11 U.S.C. § 327(e) .......................................................................................................10

28 U.S.C. § 158(a) .........................................................................................................1

**Rules**

Tex. Disciplinary Rules of Prof'l Conduct R. 1.06, *reprinted in* Tex. Gov't Code
    Ann., tit. 2, subtit. G, app. A (West 2017)............................................................8

## BRIEF OF APPELLEE LOWELL T. CAGE, TRUSTEE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Lowell T. Cage, Trustee (the "**Trustee**") of the bankruptcy estate of Technicool Systems, Inc. (the "**Debtor**"), Appellee herein, and responds to Appellant's Brief filed by Robert Furlough ("**Furlough**"), and represents as follows:

### I. STATEMENT OF ISSUES

(1) Did the bankruptcy court impermissibly err when it held that Robert Furlough lacked standing to object to the trustee's employment of Stacy?

(2) Does the bankruptcy court's order authorizing the Trustee's employment of Stacy impermissibly violate § 327(a)'s requirements that the Trustee's attorneys "not hold or represent an interest adverse to the estate" and that the Trustee's attorneys "are disinterested persons"?

(3) In allowing NOV to proceed with its state court claim against Robert Furlough, did the bankruptcy court impermissibly find that the state court cause of action was not owned by the bankruptcy estate, and therefore not a violation of the bankruptcy's automatic stay or a conflict under § 327(a)?

### II. STATEMENT OF JURISDICTION

This Court has jurisdiction of this bankruptcy appeal pursuant to 28 U.S.C. § 158(a).

### III. STANDARD OF REVIEW

An appeal from a Bankruptcy Court to a District Court is "taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *Young v. DiFerrante (In re Walker Grain Co.)*, 416 B.R.

1

612, 615 (S.D. Tex. 2009). Accordingly, when reviewing a bankruptcy court's decision, this Court "applies the standard of review generally used in the federal court of appeals." *Range v. United States*, 256 B.R. 868, 872 (S.D. Tex. 2000). Matters of law are reviewed *de novo*, which "requires the District Court to make a judgment independent of the bankruptcy court and without deference to that court's analysis and conclusions." *Id*. at 873. In particular, this Court must review a bankruptcy court's summary judgment *de novo*. *Zer-llan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 440–41 (5th Cir. 2003).

The district court reviews the bankruptcy court's findings of fact for clear error. *Cont'l Illinois Nat'l Bank & Trust Co. of Chicago v. Charles N. Wooten, Ltd. (In re Evangeline Ref. Co.)*, 890 F.2d 1312, 1325 (5th Cir. 1989). A bankruptcy court's findings of fact are subject to the clearly erroneous standard of review and will be reversed only if, considering all the evidence, the Court is left with the definite and firm conviction that a mistake has been made. *Young v. Nat'l Union Fire Ins. Co. of Pittsburg, PA (In re Young)*, 995 F.2d 547, 548 (5th Cir. 1993).

## IV.  FACTS

This is an appeal of an Order Approving Employment of Special Counsel entered by the Bankruptcy Court on April 4, 2017 [Docket No. 96].

The Debtor was engaged in the business of manufacturing and selling industrial-strength custom HVAC units for use in the oil and gas industry. The Debtor was owned and controlled by Robert Furlough, the Appellant.

2

The bankruptcy estate's largest creditor is National Oilwell Varco, L.P. ("**NOV**"). Prior to bankruptcy, NOV filed suit in state court against the Debtor alleging breach of warranty and negligent misrepresentation relating to HVAC units the Debtor built for NOV. This suit was pending when the Debtor's bankruptcy case was filed.

The state court lawsuit filed by NOV initially named the Debtor as a defendant. As against the Debtor, the state court lawsuit was stayed upon the Debtor's bankruptcy filing. NOV, seeking to continue its lawsuit against Furlough, filed a Motion for Relief from Stay on September 16, 2015 [Docket No. 9]. The Trustee filed an objection to NOV's motion, asserting that NOV's claims against Furlough may be property of the bankruptcy estate in whole or in part. *See S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142 (5th Cir. 1987). In response, NOV asserted that the claims it intended to pursue were personal to NOV and were not property of the bankruptcy estate. After an evidentiary hearing attended by the Trustee's counsel and Furlough's counsel, the Bankruptcy Court entered an Order Modifying Stay on November 1, 2015 [Docket No. 38] that provided:

> The suit against Mr. Furlough may not allege any cause of action for damages suffered directly or indirectly by the Estate, or that otherwise are Estate property. Violations of this paragraph will be treated as violations of the automatic stay and may subject National Oil Well Varco to actual and punitive damages.

Thereafter, NOV continued to prosecute its lawsuit against Furlough in state court.

Through discovery conducted by NOV and the Trustee, it was learned that Furlough had formed other companies, including WorldFab and Safe-T-Cool, with the purpose of doing the same or similar business as the Debtor. A close relationship between the Debtor, WorldFab and Safe-T-Cool is shown by the following facts:

(1)  Joint control of the entities by Furlough and his son-in-law Jeff Huckaby ("**Huckaby**");

(2)  Sharing of offices, warehouse space, employees, accountants, office equipment, warehouse equipment, supplies, etc.;

(3)  Intercompany loans that were rarely paid back;

(4)  Diversion of corporate assets to the principals of the entities;

(5)  Sham transactions between the various entities.

The Trustee determined that these facts and others gave rise to causes of action against WorldFab, Safe-T-Cool, Furlough and Huckaby for consolidation of the corporate entities, piercing the corporate veil and turnover of property ostensibly owned by WorldFab, Safe-T-Cool, Furlough and Huckaby.

To prosecute this action, the Trustee filed his Application for Authorization to Retain and Employ Special Counsel (the "**Application**") seeking to retain Chris A. Stacy of Stacy & Baker, P.C. ("**Stacy**") as special counsel on January 31, 2017 [Docket No. 72]. Stacy is the current attorney for NOV, and concurrently is handling the state court action against Furlough and Huckaby. Furlough filed an objection to the Trustee's Application, and the Bankruptcy Court held a hearing on April 4, 2017,

at which time the Court overruled Furlough's objection and approved employment of Stacy as the Trustee's counsel.

In his recitation of facts, Furlough mischaracterizes the Trustee's prior lawsuit against him. In that suit, *Cage v. Furlough and Worldfab, Inc.*, Adversary No. 16-3022, the Trustee alleged that Furlough had orchestrated the removal of property of the bankruptcy estate from the Debtor's premises just days before the bankruptcy filing. Furlough's assertion that the Trustee "took nothing" on his damages claim overlooks the fact that Furlough, by not filing an answer, never denied the Trustee's allegations, and that the Agreed Judgment provided for full turnover of all property unlawfully transferred by Furlough.

## V. DISCUSSION

As a threshold matter, the Court must decide whether Furlough has standing to object to the Trustee's application to employ Stacy. As the Trustee argued below and espouses now, Furlough lacks standing to object to the employment under the Bankruptcy Code. The authority invoked by the Trustee to retain Stacy as counsel derives from § 327(a) of the Bankruptcy Code which states:

> Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title.

Importantly, § 327(c) provides the following exception to the "disinterestedness" requirement of 327(a):

> In a case under chapter 7, 12, or 11 of this title, a person is not disqualified for employment under this section solely because of such person's employment by or representation of a creditor, unless there is objection by *another creditor* or the United States trustee, in which case the court shall disapprove such employment if there is an *actual conflict of interest*.

(emphasis added)

Accordingly, in the case of an attorney concurrently representing a creditor, that attorney is only disqualified if there is an objection by another creditor and an "actual conflict of interest."

### A. Because Furlough has no interest in the bankruptcy estate, the Bankruptcy Court did not err when it found that he lacked standing to object to the Trustee's employment of Stacy.

To begin, Furlough lacks standing to object to the Trustee's application to employ because he is not "another creditor." The term "creditor" is defined under the Bankruptcy Code as:

> (A)  an entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor;
>
> (B)  an entity that has a claim against the estate of a kind specified in section 348(d), 502(f), 502(g), 502(h) or 502(i) of this title; or
>
> (C)  an entity that has a community claim.

11 U.S.C. § 101(10).  Furlough does not fall within this definition.  Not only was Furlough was not listed as a creditor on the Debtor's sworn schedules (signed under

6

oath by Furlough), Furlough also never filed a claim in the case.  Hence, Furlough is not a creditor in this case[1] as the Bankruptcy Court so found.[2]

Even if there was not a specific statutory requirement that the objecting party be a "creditor," Furlough would lack standing to object to the Application because he is not a "party in interest."  Generally, a party in interest is a person "whose pecuniary interests are directly affected by the bankruptcy proceedings."  *Yadkin Valley Bank & Trust Co. v. McGee (In re Hutchinson)*, 5 F.3d 750, 756 (4th Cir. 1993).  The Fifth Circuit has held that the term includes any creditor of the debtor "as well as any other person with a sufficient stake in [the] outcome of a [bankruptcy] proceeding so as to require representation."  *Int'l Transactions, Ltd. v. Embotelladora Agral Regiomontana, S.A. de C.V.*, 347 F.3d 589, 595 (5th Cir. 2003).  Furlough has no stake in the outcome of the bankruptcy proceeding because he "has no interest in the manner of distribution of the assets of the estate among his creditors." *Gregg Grain Co. v. Walker Grain Co*., 285 F. 156, 157 (5th Cir. 1922) (citation omitted).

---

1 Furlough may be an equity security holder, a term defined separately from a "creditor."  See 11 U.S.C. § 101(17).  Accordingly, even if the bankruptcy estate were solvent, Furlough would not have standing to object under § 327(c).

2 On August 8, 2017, Furlough filed a "Transfer of Claim Other than for Security," which purports to memorialize Furlough's acquisition of a claim filed in this case by Knape Associates.  Furlough may attempt to argue that this belated claim acquisition retroactively gives him standing in connection with the Bankruptcy Court's order currently on appeal.  It does not.  At the time of the Bankruptcy Court's order, Furlough was not a creditor.  Further, an assignee who acquires a claim for an improper purpose should not be allowed to step into the shoes of the assignor. *In re Geriatrics Nursing Home, Inc*., 195 B.R. 34, 38 (Bankr. D.N.J. 1996); *Eresian v. Scheffer (In re Scheffer)*, 450 B.R. 271, 275 (Bankr. D. Mass. 2011), aff'd, No. CIV.A. 4:11-40130, 2012 WL 160074 (D. Mass. Jan. 17, 2012).

7

**B.    The Bankruptcy Court did not err in finding that Stacy met the requirements of § 327(a) regarding disinterestedness and adverse interest.**

Despite Furlough's efforts to create hypotheticals to show Stacy might someday, in some way become conflicted, he has wholly failed to show that the Bankruptcy Court erred when it found that Stacy was disinterested. Furlough first contends that Stacy's retention as counsel for Trustee should be set aside because Stacy has violated the Texas Disciplinary Rules of Professional Conduct for attorneys, specifically Tex. Disciplinary Rules of Prof'l Conduct R. 1.06, *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (West 2017), that governs conflicts of interest. According to Furlough, Stacy failed to obtain a written waiver of the conflict of interest inherent in representing both NOV and the Trustee.

First, as will be discussed below, there is no conflict of interest, hence no requirement for a waiver. Second, Furlough is incorrect that Tex. Disciplinary Rules of Prof'l Conduct R. 1.06 requires a written waiver of conflict. In fact, the comments to Tex. Disciplinary Rules of Prof'l Conduct R. 1.06 state that "it is not required that the disclosure and consent be in writing." Tex. Disciplinary Rules of Prof'l Conduct R. 1.06 n.8. While a written waiver may be lacking in this case, there is no evidence before the Court that the Trustee and NOV have not actually waived any potential conflicts of interest in compliance with the Tex. Disciplinary Rules of Prof'l Conduct R. 1.06, assuming, *arguendo*, that such conflicts exist.

8

Pursuant to § 327(c), a creditor's attorney may represent a bankruptcy trustee so long as there is no "actual conflict of interest." There is no such conflict in this case. NOV's and the Trustee's positions are not adverse with respect to their respective claims against Furlough and the other defendants. In each case, NOV and the Trustee are seeking similar recoveries, albeit as separate plaintiffs seeking their own damages. NOV and the Trustee are adverse only to the extent they may eventually be awarded judgments against the same parties, and are thereafter placed in competition for collection against the same defendants. However, even that potential discordance has been addressed by the Trustee and NOV.

On March 15, 2017, NOV authorized Stacy to execute a letter to the Trustee (Trustee's Exhibit 5) that provided the following:

> This confirms that my client, National Oilwell Varco, L.P. ("NOV"), agrees to transfer all funds received by way of recovery, whether by execution of judgment, settlement, or otherwise, in Cause No. 2014-65941-A, styled *National Oilwell Varco, LP v. Robert Furlough, et al.*, in the 125th Judicial District Court of Harris County, Texas, to you as Trustee in the above referenced bankruptcy for satisfaction of claims therein, up to and including the amount required to satisfy all proof of claims currently on file in the Debtor's bankruptcy case, plus all allowed administrative expenses. Any recovery above such amount will remain the property of NOV and will not be transferred to you.

By this letter, NOV agreed, without condition, to contribute all recoveries it receives in the state court case to the Trustee for the payment of any and all claims asserted in the bankruptcy case. NOV's agreement to contribute its recovery means

9

that NOV and the Trustee would no longer have competing judgments against the defendants, and therefore would not be adverse to one another. In essence, the agreement resolves any potential or actual conflict of interest. Importantly, this agreement is also greatly beneficial to the bankruptcy estate.

Furlough further hypothesizes that the Trustee may at some point want to object to NOV's claim and call Stacy as a witness, thereby creating a conflict. However, courts have held that this does not create a disqualifying conflict under Sections 327(a) and (c). In *In re Pappas*, 216 B.R. 87, 93 (Bankr. D. Conn. 1997), the United States Trustee advanced the same argument, asserting that the creditor's claim may require an objection thereby creating a fatal conflict with the Trustee. The Bankruptcy Court disagreed, stating that "if the mere possibility that some entity might object to [a creditor's] proof of claim provides a ground to deny the trustee the opportunity to retain [that creditor's] counsel, then… that would read § 327(c) out of the Bankruptcy Code." *Id.* at 93 n.4.

Further, although it does not explicitly apply in this case, § 327(e) authorizes a trustee to retain, as special counsel, an attorney who has represented the debtor, if in the best interest of the estate. "Reasoning by analogy to section 327(e), several courts have held that, where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself. *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993); *In re Pappas*, 216 B.R. at 92; *see also*

*In re Contractor Tech., Ltd.*, No. CIV.A. H-05-3212, 2006 WL 1492250, at *5 (S.D. Tex. May 30, 2006).

The Fifth Circuit has endorsed the following definition of the phrase "represent or hold any interest adverse to the debtor or to the estate:"

(1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant; or

(2) to possess a predisposition under circumstances that render such a bias against the estate.

*I.G. Petroleum, L.L.C. v. Fenasci (In re W. Delta Oil Co., Inc.)*, 432 F.3d 347, 356 (5th Cir. 2005); *Waldron v. Adams & Reese, L.L.P. (In re Am. Int'l Refinery, Inc.)*, 676 F.3d 455 (5th Cir. 2012); *In re Contractor Tech.*, 2006 WL 1492250, at *6. Furlough has failed to identify how Stacy holds an adverse interest to the estate, especially given NOV's contribution to the bankruptcy estate of any recovery in the state court action. While Furlough cites numerous provisions of the Texas rules governing attorney conduct and the relevant bankruptcy statutes, Furlough has failed to give even one example of where Stacy or NOV has an adverse interest, economic or otherwise, to the estate under these circumstances. Not only is there no actual conflict of interest, there is not even the potential for a conflict of interest.

Furlough cites numerous cases for the proposition that the governing standard in this case should be the avoidance of "the appearance of impropriety." However, by statute, the applicable standard is whether there is "an actual conflict of interest"

11

pursuant to § 327(c). Many of the cases cited by Furlough do not concern § 327(c): *In re Martin*, 817 F.2d 175, 180 (1st Cir. 1987); *In re LTHM Houston-Operations*, LLC, No. 14-33899, 2014 WL 5449737, at *1 (Bankr. S.D. Tex. Oct. 24, 2014); *In re Gray*, 64 B.R. 505 (Bankr. E.D. Mich. 1986).

Further, the two cited cases that deal with § 327(c) are inapposite. *In re Micro-Time Mgmt. Sys., Inc.*, 102 B.R. 602 (Bankr. E.D. Mich. 1989), involved an *undisclosed* relationship with a creditor, providing a strong basis in and of itself for denial of fees. In *Sturgeon State Bank v. Perky (In re Perkey)*, 194 B.R. 846 (Bankr. W.D. Mo. 1996), the Trustee and creditor were already suing each other before the Trustee attempted to retain the creditor's counsel, thereby creating an "actual conflict of interest" prohibited by § 327(c).

### C. Whether the state court action violates the stay or is property of the estate is not before this Court.

Furlough contends that NOV is in continuing violation of the automatic stay in the state court action by prosecuting claims that belong to the bankruptcy estate. However, the Bankruptcy Court lifted the stay for NOV to proceed in that suit, and in the nineteen months since entry of that order Furlough never filed any pleading in the Bankruptcy Court asserting that NOV violated the order or the automatic stay. Further, the Bankruptcy Court has never entered any order that NOV has – or has not – violated the automatic stay, or that it is prosecuting a cause of action that belongs to the estate. Accordingly, Furlough's assertion in this appeal that NOV is

in violation of the automatic stay or is impermissibly prosecuting estate claims is simply not before this Court in this appeal.

## VI. CONCLUSION

The record amply supports the Bankruptcy Court's finding that Furlough lacked standing to object to the Trustee's application to retain counsel. Furlough is not a creditor as required by § 327(c) and further has no stake in the outcome of bankruptcy case. As a result of NOV's contribution to the estate of any recovery it receives in the state court, there is no actual or potential conflict of interest between Stacy and the Trustee. Assuming, *arguendo*, that there is the potential conflict, there is no evidence before the court that the parties have not waived the conflict. Finally, whether NOV's claims in the state court belong to the bankruptcy estate or violate the stay are not before this Court since the Bankruptcy Court has never properly considered that issue. Accordingly, the Trustee requests that Bankruptcy Court's Order be affirmed, and that he be granted such other and further relief to which he may be entitled.

[Signature Page Follows]

Respectfully submitted,

*/s/ Timothy L. Wentworth*
TIMOTHY L. WENTWORTH
TBN 21179000

OF COUNSEL:

CAGE, HILL & NIEHAUS, L.L.P.
5851 San Felipe, Suite 950
Houston, TX 77057
(713) 789-0500
ATTORNEYS FOR
LOWELL T. CAGE, TRUSTEE

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Trustee's Appellate Brief was served by electronic service or by U.S. Mail postage prepaid on the 24th day of August, 2017, on counsel for Defendant Annie E. Catmull, Hoover Slovacek, LLP, 5051 Westheimer, Suite 1200, Houston, TX 77056.

*/s/ Timothy L. Wentworth*
TIMOTHY L. WENTWORTH